ALFRED L. THERIAULT, ADMINISTRATOR AD PROSE-QUENDUM OF THE ESTATE OF FLORENCE THERI-AULT, DECEASED, AND GEORGE E. NICHOLS, ADMIN-ISTRATOR AD PROSEQUENDUM OF THE ESTATE OF EMERSON L. NICHOLS, DECEASED, PLAINTIFFS-RESPONDENTS, v. JOHN ANZELMO, SR., AND JOHN ANZELMO, JR., DEFENDANTS-APPELLANTS.

Argued May 19, 1937—Decided September 22, 1937.

For the plaintiffs-respondents, *Richard J. Fitz Maurice* (*A. Warren Littman,* on the brief).

For the defendants-appellants, *Minturn & Weinberger* (*Harry H. Weinberger,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The plaintiffs below, as adminis-trators *ad prosequendum,* each recovered judgment for dam-

ages resulting from the death of their respective decedents. The suit arose out of a collision that occurred at intersecting roads in Essex county, between a motor truck of the defendants and a motorcycle, on which the decedents were riding. The question of negligence was submitted by the trial court to the jury, who determined that issue favorably to the plaintiffs, and the defendants appeal.

Thirteen grounds of appeal are set forth as reasons for a reversal of the judgments. It will serve no useful purpose to set them out in detail. It is sufficient to say that the first and second grounds of appeal merely allege general error. The third, fifth and sixth grounds do not point out or challenge any judicial action as legal error. None of these grounds, therefore, is available on appeal to bring about a reversal of the judgments. *Booth* v. *Keegan,* 108 *N. J. L.* 538.

The seventh, eighth and ninth grounds each challenge a part of the trial court's charge to the jury, but since no exception was taken to these parts of the charge they may not be invoked as grounds for reversal. *Belperche* v. *Erie Railroad Co.,* 111 *N. J. L.* 81.

The tenth and eleventh grounds allege error in the charge of the trial court, wherein an exception was entered on the record, and the fourth, twelfth and thirteenth grounds charge that the trial court erred in refusing to order a nonsuit at the end of the plaintiffs' case. These points will now be considered.

The record before us discloses that after the verdict the defendants obtained and argued a rule to show cause why the verdict should not be set aside as being against the weight of evidence and "contrary to law." After argument, the trial court discharged the rule.

It has long been a settled rule in appellate practice that when on rule to show cause in the court below, in support of the application to make the rule absolute, reasons are assigned that the verdict is contrary to the weight of the evidence, these necessarily include an exception to the refusal to nonsuit, and therefore such exception cannot be considered as a ground of appeal. *Cleaves* v. *Yeskel,* 104 *N. J. L.* 497. This

circumstance—that the rule to show cause, based on the reasons written down in support of it, was discharged by the trial court—we assume, escaped the attention of counsel substituted to argue this appeal. The fourth, twelfth and thirteenth grounds of appeal therefore fall.

The tenth ground, challenging a portion of the charge to the jury, is not argued and, consequently, is considered waived. *Cleaves* v. *Yeskel, supra.*

As to the final ground of appeal, attacking the charge of the trial court as erroneous and prejudicial, we find no merit in the appellants' argument.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, DONGES, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 14.

*For reversal*—None.